IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Dieargo Patterson, ) | 2012 FEB -2 P 2: 50 |
| ) | |
| Plaintiff, ) | Civil Action No.: 8:11-2834-RMG-JDA |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Bill Byer, New Head Director of SCDC; ) | |
| Warden Wayne McCabbe; Asst. Warden, ) | |
| Fred Thompson; Ms. Star Conneley, ) | |
| Medical Supervisor; BJ Thomas, IGC ) | |
| Grievance; Jon Ozmint, Head Director ) | |
| SCDC; Warden Mackie; Officer Doris ) | |
| Gant; and Thomas Moore, Medical ) | |
| Director, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. Plaintiff, incarcerated in the MacDougall Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs resulting from Plaintiff allegedly slipping and falling down wet stairs at Kirkland Correctional Institution (KCI) on September 12, 2010. The Magistrate Judge has issued a Report and Recommendation recommending partial dismissal of Plaintiff's Complaint as to Defendants Byer, McCabbe, and Thompson, without prejudice and without issuance and service of process. (Dkt. No. 15). Plaintiff objected to the Magistrate Judge's Report and Recommendation; however, these objections simply restate Plaintiff's original claims. (Dkt. No. 20). As explained herein, this

Court agrees with the Report and Recommendation and dismisses Plaintiff's claims as to Defendants Byer, McCabbe and Thompson.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the Court agrees with and wholly adopts the conclusions of the Magistrate Judge. In order for a prisoner to state a cognizable claim, the "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prisoner alleging deliberate indifference must meet "a very high standard - a showing of mere negligence will not meet it." *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (quoting *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999)). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Further, "mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). A claim based on *respondeat superior* also does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiff's allegations against Defendants Byer, McCabbe, and Thompson fail to rise to the level of an Eighth Amendment violation for two key reasons. First, Byer, McCabbe and Thompson can fairly be described as "supervisory defendants" because of their roles as SCDC director, warden, and assistant warden, respectively. Plaintiff cannot assert liability against these Defendants solely on the theory of *respondeat superior*. Secondly, the allegations in Plaintiff's Complaint and the attached documents reflect that Byer, McCabbe, and Thompson took no direct, personal action with respect to the Plaintiff's medical needs; Plaintiff merely alleges these Defendants knew about Plaintiff's accident and that "medical" denied Plaintiff additional therapy. Despite the Court's assumption that all of the facts in Plaintiff's Complaint are true, Plaintiff has failed to allege that Defendants Byer, McCabbe, and Thompson had actual or constructive knowledge that their subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. Because Plaintiff's Complaint makes no specific factual allegations that Defendants Byer, McCabbe, and Thompson personally caused Plaintiff serious harm or had actual or constructive knowledge that their subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of

constitutional injury to Plaintiff, Plaintiff's claims against Defendants Byer, McCabbe, and Thompson are dismissed.

## CONCLUSION

After a review of the record and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, the Court adopts the Magistrate Judge's Report and Recommendation and Plaintiff's Complaint is **DISMISSED** as to Defendants Byer, McCabbe, and Thompson, without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 2 , 2012