IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Antonio Dieargo Patterson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:11-02834-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bill Byer, New Head Director of SCDC; | ) | |
| Warden Wayne McCabbe; Asst. Warden, | ) | |
| Fred Thompson; Ms. Star Conneley, | ) | |
| Medical Supervisor; BJ Thomas, IGC | ) | |
| Grievance; Jon Ozmint, Head Director | ) | |
| SCDC; Warden Mackie; Officer Doris | ) | |
| Gant; and Thomas Moore, Medical | ) | |
| Director, [1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his serious medical needs. Under 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On June 15, 2012, the Magistrate Judge issued a Report and Recommendation recommending Defendants' motion for summary judgment (Dkt. No. 69) be granted and Plaintiff's motions for summary judgment (Dkt. Nos. 25 and 61) be denied. Plaintiff has filed objections to the Report and Recommendation (Dkt. Nos. 99, 100 and 102). Plaintiff has also moved to amend his Complaint. (Dkt. Nos. 88, 97 and 101). As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation, grants Defendant's motion for summary judgment, denies Plaintiff's motions for summary

---

[1] By Order of the District Court filed February 2, 2012, Plaintiff's Complaint was dismissed as to defendants New Head Director Bill Byer, Warden Wayne McCabbe, and Assistant Warden Fred Thompson without prejudice and without issuance and service of process. (Dkt. No. 33). Accordingly, any reference to "Defendants" in this Order is to the remaining defendants.

judgment and dismisses Plaintiff's complaint with prejudice. Because this Court agrees with the sound reasoning set forth in the Magistrate Judge's R&R, the Court addresses only the specific objections of Plaintiff. The Court also denies Plaintiff's motion to amend his Complaint, which is further discussed herein.

## Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Plaintiff appears to object to the Magistrate Judge's characterization that Defendant Thomas failed to process "some" of Plaintiff's grievances and states that Defendant Thomas failed to process all three of his grievances and would not help Plaintiff with medical attention. (Dkt. No. 100 at 5). As the Magistrate Judge stated, Plaintiff does not have a § 1983 cause of action based on Defendant Thomas' failure to process his grievances. (Dkt. No. 85 at 9, n.7). Prisoners do not have a constitutional right to a grievance procedure, *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977), and violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)("As other circuits have recognized, there is no constitutional right to participate in grievance proceedings.").

Plaintiff also appears to object to the Magistrate Judge's statement that Plaintiff failed to articulate how Defendant Connelly violated Plaintiff's constitutional rights by failing to share with Plaintiff the name of the medical director. (Dkt. No. 100 at 5). Plaintiff states that "the medical director denied medical follow-up and plaintiff wanted to know as of why." *Id.* However, this still does not clarify how Defendant Connelly's failure to share the name of the medical director would violate Plaintiff's constitutional rights. As the Magistrate Judge stated, Plaintiff has apparently learned the name of the medical director because he named Medical Director Thomas Moore as a defendant in this action. (Dkt. No. 85 at 9, n.7).

The Magistrate Judge noted that Plaintiff acknowledges that Defendants did not ignore his injury, but complains that he was not provided the follow-up treatment he alleges was directed by his physician. (Dkt. No. 85 at 11). In Plaintiff's objections, Plaintiff argues the delay in his treatment violated his constitutional rights and rehashes a previous argument that he was entitled to daily treatment. (Dkt. No. 100 at 6). Plaintiff alleges that he was sent back to the orthopedist on May 7, 2012 and that the doctor stated that he is still waiting on SCDC to approve Plaintiff's surgery. (Dkt. No. 99). Plaintiff further alleges that he is waiting on the production of documents relating to his visit. (Dkt. No. 102-4).

As the Magistrate Judge stated, the Constitution requires that a prisoner "be provided with a certain minimum level of medical treatment" but "does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). This Court has reviewed the Record and agrees with the Magistrate Judge that Plaintiff cannot establish that Defendants were deliberately indifferent to his medical needs. Plaintiff has consistently received medical attention, including physical therapy, for his injuries. (*See* Affidavit of Thomas Moore, Medical Director, Dkt. No. 69-2). While Plaintiff may argue that he needs surgery, "[q]uestions

of medical judgment are not subject to judicial review." *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Further, the Court concludes that Plaintiff cannot establish Defendants acted with a sufficiently culpable state of mind. The Court therefore agrees with the Magistrate Judge that Plaintiff has not demonstrated that Defendants' actions violated his Constitutional rights.

## Motion to Amend Complaint

On June 28, 2012, Plaintiff filed a motion for leave to file an amended complaint. (Dkt. No. 88). Plaintiff seeks to add four parties to his Complaint. (Dkt. Nos. 88, 97, 101). Plaintiff's Complaint was summarily dismissed as to three of these parties, defendants Byer, McCabbe and Thompson, without prejudice and without issuance and service of process by Order of this Court on February 2, 2012. (Dkt. No. 33). In his motion, Plaintiff alleges that these defendants had actual or constructive knowledge that their subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff. *Id.* To his motion, Plaintiff attaches medical records that illustrate that Plaintiff is continuing to receive medical treatment, as well as a number of documents that have been provided to this Court multiple times. (Dkt. No. 97). As to defendants Byer, McCabbe and Thompson, this Court previously found that Plaintiff's Complaint "makes no specific factual allegations that Defendants Byer, McCabbe, and Thompson personally caused Plaintiff serious harm or had actual or constructive knowledge that their subordinates were engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to Plaintiff" and dismissed Plaintiff's claims against defendants Byer, McCabbe, and Thompson.[2] (Dkt. No. 33 at 3-4).

---

[2] Magistrate Judge Jacquelyn Austin issued a Report and Recommendation on December 12, 2011 recommending that Plaintiff's Complaint be partially dismissed as to defendants Byer, McCabbe, and Thompson, without issuance and service of process. (Dkt. No. 15). Plaintiff filed objections to the Report and Recommendation (Dkt. Nos. 20 and 22), attaching many of the same documents that he now attaches to his motion to amend his Complaint.

Pursuant to FED. R. CIV. P. 15(a), the Court should freely give leave to amend pleadings when justice so requires. The Court should deny a motion to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001). The Fourth Circuit has found an amendment to be futile where it "would have, at most, delayed the inevitable dismissal of all of [plaintiff's] claims" against a defendant. *HealthSouth Rehabilitation Hosp. v. American Nat. Red Cross*, 101 F.3d 1005, 1011-12 (4th Cir. 1996). Moreover, "[t]here is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under FED.R.CIV. P. 12(b)(6)." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990).

The Court finds that Plaintiff's allegations against defendants Byer, McCabbe and Thompson are reassertions of the arguments that he previously stated in his Complaint (Dkt. No. 1) and his objections filed with the Court (Dkt. Nos. 20 and 22). Because allowing Plaintiff's amendment would therefore be futile, the Court denies Plaintiff's motion to amend his Complaint to add defendants Byer, McCabe and Thompson.

To the extent that Plaintiff seeks to add Dr. Babbs as a defendant in this action, as the Magistrate Judge noted, Plaintiff has made no specific allegations of wrongdoing on the part of Dr. Babbs. (Dkt. No. 85 at 2, n.1). Plaintiff alleges that "Dr. Babbs was the Head Doctor at the time, and was notified that I was denied medical follow-up and did not respond back." (Dkt. No. 101 at 7). However, as stated in this Order, the Court finds that Plaintiff received medical treatment that comports with Constitutional requirements. Without greater specificity, Plaintiff's claims against Dr. Babbs would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) and thus

permitting amendment of Plaintiff's Complaint to add Dr. Babbs would also be futile. The Court therefore denies Plaintiff's motion to amend his Complaint to add Dr. Babbs.

## Conclusion

After a thorough review of the Record and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, the Court adopts the Magistrate Judge's Report and Recommendation and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 69) and **DENIES** Plaintiff's motions for summary judgment (Dkt. Nos. 25 and 61).[3] The Court **DENIES** Plaintiff's motions to amend his Complaint. (Dkt. Nos. 88, 97). In light of this Order, the Court finds that Plaintiff's motion to appoint counsel is **MOOT**. (Dkt. No. 98).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 24, 2012

---

[3] The Court finds that to the extent Plaintiff sought to bring state law claims as to medical malpractice, Plaintiff has not presented "(1) evidence of the generally recognized practice and procedures that would be exercised by competent practitioners in a defendant doctor's field of medicine under the same or similar circumstances and (2) evidence that the defendant doctor departed from the recognized and generally accepted standards, practices, and procedures in the manner alleged by the plaintiff." *Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 254 (S.C. 1997). While Plaintiff does not appear to raise any specific objections alleging such claims, to the extent he intends to maintain them, the Court finds that such claims are dismissed.